Elliot S. Blut, Esq. (SBN 162188)
BLUT LAW GROUP, APC
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 203-0038
Facsimile: (310) 203-0048

Attorneys for Plaintiff, GEZ AGOLLI, individually and d/b/a PROGRESSIVE MEDICAL MANAGEMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZ AGOLLI, individually and d/b/a PROGRESSIVE MEDICAL MANAGEMENT,<br><br>Plaintiff,<br>vs.<br><br>UNITED HEALTHCARE, INC. dba OPTUM, a Minnesota corporation; PROGRESSIVE MEDICAL, INC., dba PMI MEDICAL SOLUTIONS, a California corporation; FRANCES YOUNG, an individual; DAVID C. BIANCONI, an individual; KEVIN BANION, an individual; PROGRESSIVE MEDICAL, LLC, a California limited liability corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br>_____<br><br>**COMPLAINT For:**<br><br>**(1) Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)**<br><br>**(2) Unfair Competition/False Designation of Origin and False Advertising (Lanham Act, 15 U.S.C. § 1125(a))**<br><br>**(3) Common Law Trademark Infringement**<br><br>**(4) Statutory And Common Law Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

# COMPLAINT

## NATURE OF ACTION

1. Plaintiff Gez Agolli, individually ("Agolli") and d/b/a Progressive Medical Management (collectively "Plaintiff" or "Progressive") brings this Complaint against Defendants for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; and (ii) common law trademark infringement and unfair competition under California law, and alleges as follows:

## THE PARTIES

2. Agolli is a resident of Georgia with his principal place of business at 4646 N. Shallowford Road, Atlanta, Georgia 30338. Among other services, Agolli and Progressive Medical Management operate a medical clinic which provides weight loss solutions, services and programs, nutrition counseling, and hormone therapy.

3. Plaintiff is informed and believes and, on that basis, alleges that Defendant United HealthCare Services, Inc., d/b/a Optum, is a Minnesota corporation (hereinafter "Optum") doing business in California with a principal place of business at 9900 Bren Road East, Minnetonka, MN 55343, and is the successor in interest to Progressive Medical, Inc., dba PMI Medical Solutions and Progressive Medical, LLC. Plaintiff is informed and believes, and on that basis alleges, that Defendant United HealthCare Services, Inc. d/b/a/ Optum provides medical services and, therefore, directly competes with Plaintiff in the medical field.

4. Plaintiff is informed and believes and, on that basis, alleges that Defendant Progressive Medical, Inc. d/b/a PMI Medical Solutions, a California corporation, which, together with Defendants Frances Young, David C. Bianconi and Kevin Banion (hereinafter referred to as "PMI Medical Solutions"), has or had

its principal places of business at 250 N. Sunny Slope Road, Brookfield, Wisconsin 53005 and 250 Progressive Way, Westerville, Ohio 43082.  Plaintiff is informed and believes and, on that basis, alleges that Defendant PMI Medical Solutions provides or provided medical services and, therefore, directly competes or competed with Plaintiff in the medical field.

5.      Plaintiff is informed and believes and, on that basis, alleges that Defendant Progressive Medical, LLC (hereinafter "PM") is a California limited liability company with its principal place of business at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California.  Plaintiff is informed and believes and, on that basis, alleges that Defendant PM provides medical services and, therefore, directly competes with Plaintiff in the medical field.

6.      Plaintiff is informed and believes and, on that basis, alleges that Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants").  Each of the Doe Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts.  Progressive will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

7.      Optum, PMI Medical Solutions and PM, and the Doe Defendants are hereinafter collectively referred to as "Defendants."

8.      As fully detailed below, Defendants used the Progressive mark in such a manner that violates Progressive's longstanding and strong rights in the Progressive® mark.

## JURISDICTION AND VENUE

9.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Progressive's claims for relief for violation of the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Progressive's state law trademark infringement claim because it

1. is joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Progressive's state law claim pursuant to 28 U.S.C. § 1367(a) because all of Progressive's claims arise out of a common nucleus of operative facts.

10. This Court has personal jurisdiction over Defendants, and each of them, because (i) Defendants have (a) conducted substantial business in the State of California; (b) derived financial benefits from residents of the State of California, including by marketing and selling infringing products and services to residents of the State of California and otherwise placing infringing products and services into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including within this District; (c) purposefully availed themselves of the privilege of conducting business within the State of California; (d) sought protection and benefits from the laws of the State of California; and (ii) the causes of action arise directly from the Defendants' business contacts and other activities in the State of California.

11. Venue in this Court exists under (i) 28 U.S.C. §§ 1391(b)(1), (c)(2) as Defendants reside in this District and as such they are subject to the Court's personal jurisdiction; and (ii) 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Progressive's claims occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Progressive operates a medical clinic providing weight loss solutions, services and programs, nutrition counseling, hormone therapy, including bioidentical hormone replacement, antiaging therapy, and natural hormone therapy, medical aesthetic procedures, including, laser hair removal, laser peels, botulinum toxin treatments, microdermabrasion, liposuction, vein treatments, vein therapy, cellulite treatments, body contouring treatments, injectable filter treatments, facials, and skin care. Since 1998, Progressive has been using the Progressive® Mark to advertise and market itself and its products, including, without limitation,

through different websites that can be accessed nationwide such as progressivemedicalcenter.com (its patient site) and progressivenutracare.com (its product site where nutritional products are sold). Over the years, Progressive has made extensive efforts and invested large sums of money and committed substantial resources to establish and promote its services and products using the Progressive® Mark.

13. Agolli is the principal owner and shareholder of Progressive. He is also the sole owner of the word mark Progressive® which was issued by the United States Patent and Trademark Office as a standard character mark used to describe medical and health care services on October 1, 2013, and issued as U.S. Trademark Registration No. 4410197 (the "Progressive® Mark"). The Progressive® Mark is valid and subsisting. A true and correct copy of the registration certificate for the Progressive® Mark is attached hereto as Exhibit A.

14. Recently, Progressive became aware that each of the Defendants named in this action were using the Progressive® Mark (hereinafter the "Infringing Progressive Marks") without Progressive's authorization and permission, including to identify themselves as providing services and/or products in the health and medical services fields in competition with Progressive. Progressive is informed and believes, and on that basis alleges, that such services and products are advertised and marketed through, among other means, the internet and other marketing channels which can be accessed throughout the United States, including in California and Georgia. Progressive is further informed and believes, and on that basis alleges, that unless restrained by this Court, each Defendant will continue to unfairly compete with Progressive by using the Progressive® Mark, and by displaying, marketing and offering medical services and/or products that infringe the Progressive® Mark.

15. Defendants' continued use of the confusingly similar Progressive® Mark in commerce violates Progressive's valuable intellectual property rights in

1  the Progressive® Mark and registration, and Defendants' knowing, intentional,
2  willful and malicious use of this Mark is damaging Progressive.

3       16.    Due to Defendants' continuing willful infringement and unlawful
4  conduct, Progressive is now forced to bring this Complaint to protect its valuable
5  and longstanding intellectual property rights.  Progressive had to retain counsel
6  and incur substantial fees and costs (and it continues to incur those fees and costs)
7  to prosecute this suit and pursue its claims.

8       17.    Progressive's interest in protecting its intellectual property rights and
9  its products and services from consumer confusion outweigh any harm to
10 Defendants.  The public interest is best served by granting Progressive's requested
11 relief against Defendants.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114

14      18.    Progressive incorporates by reference the factual allegations set forth
15 above.

16      19.    Agolli owns the Progressive® Mark.  The trademark reflected in the
17 Progressive registration is strong and distinctive and designates Progressive as the
18 source of all products and services advertised, marketed, sold or used in
19 connection with the Progressive® Mark.  In particular, the Progressive® Mark has
20 been used for many years and is a strong and distinctive mark.

21      20.    Progressive is informed and believes, and on that basis alleges,
22 Progressive is the senior user of the Progressive® Mark as it began use of that
23 Mark in interstate commerce prior to Defendants' first use of the confusingly
24 similar Infringing Progressive Marks.

25      21.    Defendants do not have authorization, license, or permission from
26 Progressive to market and sell their products and services under the Infringing
27 Progressive Marks, which is confusingly similar to the Progressive® Mark, as the
28 Infringing Progressive Marks are used with products and/or services that are

identical and/or closely related to the particular products and services associated with the Progressive® Mark.

22. Defendants were aware of the Progressive® Mark, as Defendants at a minimum were on constructive notice based on Progressive's longstanding federal registrations. Thus, Defendants' unauthorized use of the confusingly similar Infringing Progressive Marks was and is knowing, intentional, and willful.

23. As a direct and proximate result of Defendants' wrongful conduct, Progressive has been and will continue to be damaged.

24. Defendants' actions therefore constitute trademark infringement.

25. Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Progressive Marks by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably damage Progressive.

26. Defendants' activities have caused and will continue to cause irreparable harm to Progressive, for which it has no adequate remedy at law, because: (i) the Progressive® Mark comprises a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes interference with Progressive's goodwill and customer relationships and is harming and will continue to substantially harm Progressive's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Progressive, are continuing. Accordingly, Progressive is entitled injunctive relief pursuant to 15 U.S.C. § 1116(a).

27. Pursuant to 15 U.S.C. § 1117(a), Progressive is also entitled to an order: (i) requiring Defendants to account to Progressive for any and all profits derived from their infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Progressive that were caused by Defendants' conduct.

28. Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Progressive is therefore entitled to an award of treble damages against Defendants.

29. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus, Progressive is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## Federal Unfair Competition / False Designation of Origin and False Advertising—15 U.S.C. § 1125(a)

30. Progressive incorporates by reference the factual allegations set forth above.

31. The Progressive® Mark is strong and distinctive and designates Progressive as the source of all goods and services advertised, marketed, sold, or used in connection with that Mark. In addition, by virtue of Progressive's longstanding use of the Progressive® Mark in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under that Mark and the Progressive® Mark, the Progressive® Mark has acquired secondary meaning, whereby the consuming public of this District, the State of California, and the United States associate the Progressive® Mark with a single source of products and services.

32. Progressive is the senior user of the Progressive® Mark as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Progressive Marks.

33. Defendants were aware of the Progressive® Mark, as Defendants were at a minimum on constructive notice based on Progressive's longstanding federal registrations. Thus, Defendants' unauthorized use of the confusingly similar Infringing Progressive Marks was and is knowing, intentional, and willful.

34. Through their use of the confusingly similar Infringing Progressive Marks, Defendants intended to, and did in fact, confuse and mislead consumers

into believing, and misrepresented and created the false impression, that Progressive somehow authorized, originated, sponsored, approved, licensed, or participated in Defendants' use of the confusingly similar Infringing Progressive Marks.

35. In fact, there is no connection, association, or licensing relationship between Progressive and Defendants, nor has Progressive ever authorized, licensed, or given permission to Defendants to use the confusingly similar Infringing Progressive Marks in any manner.

36. Defendants' use of the confusingly similar Infringing Progressive Marks will likely cause confusion as to the origin and authenticity of Defendants' website, events, and related goods and services and will likely cause others to believe that there is a relationship between Defendants and Progressive when there is, in fact, not.

37. As a direct and proximate result of Defendants' wrongful conduct and false advertising, Progressive has been and will continue to be damaged.

38. Defendants' actions thus constitute false designation of origin, false advertising and unfair competition.

39. Defendants' activities have caused, and will continue to cause, irreparable harm to Progressive, for which it has no adequate remedy at law, in that: (i) the Progressive® Mark comprises a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes interference with Progressive's goodwill and customer relationships and will substantially harm Progressive's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Progressive, are continuing. Accordingly, Progressive is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

40. Pursuant to 15 U.S.C. § 1117(a), Progressive is also entitled to an order: (i) requiring Defendants to account to Progressive for any and all profits

1  derived from their actions, to be increased in accordance with the applicable
2  provisions of law; and (ii) awarding all damages sustained by Progressive that
3  were caused by Defendants' conduct.
4     41.  Defendants' conduct was and is intentional and without foundation in
5  law, and pursuant to 15 U.S.C. § 1117(a), Progressive is therefore entitled to an
6  award of treble damages against Defendants.
7     42.  Defendants' acts make this an exceptional case under 15 U.S.C.
8  § 1117(a); thus, Progressive is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## Common Law Trademark Infringement

11    43.  Progressive incorporates by reference the factual allegations set forth
12  above.
13    44.  Progressive has valid and protectable common law rights in the
14  Progressive® Mark.
15    45.  Progressive is the senior user of the Progressive® Mark.
16    46.  Defendants' conduct constitutes infringement of Progressive's
17  common law rights in the Progressive® Mark.
18    47.  Defendants' wrongful acts have permitted and will permit them to
19  receive substantial profits based upon the strength of Progressive's reputation and
20  the substantial goodwill it has built up in the Progressive® Mark.
21    48.  As a direct and proximate result of Defendants' wrongful conduct,
22  Progressive has been and will continue to be damaged.
23    49.  Unless an injunction is issued enjoining any continuing or future use
24  of the Progressive® Mark by Defendants, such continuing or future use is likely to
25  continue to cause confusion and thereby irreparably damage Progressive.
26  Progressive has no adequate remedy at law. Accordingly, Progressive is entitled
27  to an injunction.
28  ///

## FOURTH CLAIM FOR RELIEF

### Statutory And Common Law Unfair Competition

50. Progressive incorporates by reference the factual allegations set forth above.

51. Progressive has expended significant time and expense in developing the Progressive® Mark and the high-quality products and services it markets and sells under those marks. The Progressive® Mark have been very successful and have developed a substantial reputation and goodwill in the marketplace.

52. Through their wrongful conduct, Defendants have misappropriated Progressive's efforts and are exploiting the Progressive® Mark and Progressive's reputation to market and sell their services under the Infringing Progressive Marks. These actions constitute unfair competition under common law and under California Business and Professions Code §§ 17200 *et seq.*

53. As a direct and proximate result of Defendants' wrongful conduct, Progressive has been and will continue to be damaged.

54. Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Progressive will continue to be damaged irreparably. Progressive has no adequate remedy at law. Accordingly, Progressive is entitled to an injunction.

55. Defendants have acted willfully, intentionally and maliciously, such that Progressive is entitled to punitive damages.

## PRAYER

WHEREFORE, Progressive prays for the following relief:

A. An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

    (i) cease all use and never use the Progressive® Mark, or any

other mark likely to cause confusion with the Progressive® Mark, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

    (ii)    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by Defendants are in any manner associated or connected with Progressive, or are licensed, approved, or authorized in any way by Progressive;

    (iii)    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendants, or any of their goods or services, are related to, authorized, or sponsored by Progressive;

    (iv)    cease all use of Progressive's domain name and any similar domain names, and never register any domain names that contain the Progressive® Mark, or any domain names confusingly similar to Progressive's;

    (v)    cease all use of any social media accounts and any similar accounts or social media websites, and never register any social media account that contains the Progressive® Mark, or any social media account confusingly similar to Progressive's;

    (vi)    never unfairly compete with Progressive in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing the Progressive® Mark;

    (vii)    withdraw with prejudice the Infringing Progressive Marks; and

    (viii)    never apply for or seek to register any mark that is likely to cause confusion with the Progressive® Mark.

    B.    An order pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve upon Progressive's counsel, within thirty (30) days

after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

  C. An order transferring to Progressive all domain names in Defendants' possession, custody, or control that include the word "progressive" or any misspelling thereof, or are otherwise confusingly similar to or contain the Progressive® Mark. To give practical effect to this order, a further order requiring the Registrar for any of the foregoing domain names to, within fourteen (14) days of receipt of the order, transfer those subject domain names to Progressive if Defendants have not already done so.

  D. An order transferring to Progressive all of Defendants' social media accounts, including all such accounts in Defendants' possession, custody, or control that include the word "Progressive" or any misspelling thereof, or are otherwise confusingly similar to or contain the Progressive® Mark. To give practical effect to this order, a further order requiring the social networking service (e.g., Twitter, YouTube, Instagram, etc.) for any of the foregoing accounts to, within fourteen (14) days of receipt of the order, transfer those subject accounts to Progressive if Defendants have not already done so.

  E. An order finding that, by the acts complained of above, Defendants have infringed Progressive's federally registered trademarks in violation of 15 U.S.C. § 1114.

  F. An order finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

  G. An order finding that, by the acts complained of above, Defendants have engaged in common law trademark infringement.

  H. An order finding that, by the acts complained of above, Defendants have engaged in common law unfair competition, and statutory unfair competition

under California Business and Professions Code §§ 17200 *et seq.*

  I. An order awarding Progressive damages as follows:

    (i) Pursuant to 15 U.S.C. § 1117(a), Progressive's actual damages, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

    (ii) Punitive damages pursuant to California common law.

  J. An order pursuant to 15 U.S.C. § 1117(a) finding that this is an

  K. exceptional case and awarding Progressive its reasonable attorneys' fees.

  L. An order pursuant to 15 U.S.C. § 1117(a) awarding Progressive all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

  M. An order awarding Progressive's pre judgment interest.

  N. An order awarding Progressive such other relief as the Court deems appropriate.

              Respectfully submitted,

Dated: July 12, 2017      BLUT LAW GROUP, APC

          By: *s/Elliot S. Blut*
            ELLIOT S. BLUT

            Attorneys for Plaintiff, GEZ AGOLLI, individually and d/b/a PROGRESSIVE MEDICAL MANAGEMENT

# JURY DEMAND

Progressive hereby requests a trial by jury on all issues so triable.

Dated: July 12, 2017

BLUT LAW GROUP, APC

By: *s/Elliot S. Blut*
ELLIOT S. BLUT

Attorneys for Plaintiff, GEZ AGOLLI, individually and d/b/a PROGRESSIVE MEDICAL MANAGEMENT